IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DEBRA SMITH, | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : Civil Action No. 16-1051-RGA |
| | : |
| DELAWARE STATE HOUSING | : |
| AUTHORITY, and MICHAEL MILES, | : |
| | : |
| Defendants. | : |

**MEMORANDUM ORDER**

Defendants filed a motion to dismiss. (D.I. 5).

Plaintiff timely filed a charge of discrimination on June 8, 2016, and asked for a right to sue letter, which was issued on August 18, 2016. Relying upon a federal regulation, Plaintiff filed suit on November 22, 2016. The federal regulation states that the relevant agency can issue a right to sue letter before 180 days elapses under certain circumstances, one of which is that the agency asserts that it will not be able to process the complaint within 180 days. While there are respectable arguments that the federal regulation is invalid, the only two courts of appeals to have decided the issue have reached a contrary position. *See Sims v. Trus Joist MacMillan*, 22 F.3d 1059, 1062-63 (11th Cir. 1994); *Brown v. Puget Sound Elec. Apprenticeship & Training Tr.*, 732 F.2d 726, 729 (9th Cir. 1984).[1] Thus, if I were to follow them, the motion to dismiss would be

---

[1] Defendants cite *Saylor v. State Dep't of Health & Soc. Servs.*, 569 F.Supp. 2d 420, 423 (D.Del. 2008). That case, however, does not address the issue presented by the instant motion.

denied.[2]

Even if the regulation were invalid, however, there would still be an issue about whether the person who relies upon it should be thrown out of court, or, at least, made to wait for a while. In *Lemke v. Int'l Total Servs., Inc.*, 56 F.Supp. 2d 472, 481-82 (D.N.J. 1999), *aff'd without opin.*, 225 F.3d 649 (3d Cir. 2000), the Court, at a later (summary judgment) stage of the case, held that to rule against plaintiff "would not be equitable." Though that reasoning is somewhat less applicable here, as this case is less advanced, it still has some force.[3]

Thus, the motion to dismiss (D.I. 5) is **DENIED**.

IT IS SO ORDERED this 14 day of February 2017.

                                              /s/ Richard G. Andrews
                                              United States District Judge

---

[2] The Third Circuit did not decide the issue in *Moteles v. University of Pa.*, 730 F.2d 913, 916-18 (3d Cir. 1984).

[3] Plaintiff gratuitously accuses Defendants of bad faith. (D.I. 13 at 2). Plaintiff is admonished not to make such accusations with no basis for doing so.